**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
William M. Narus
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 13, 2025

AFPD Mark Ahlemeyer
Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR 97204

   Re: *United States v. Aaron William Pizer*, Case No. 3:24-cr-00328-SI
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the indictment, Sexual Abuse of a Minor (18 U.S.C. §§ 1153(a) and 2243(a)); Count 2 of the indictment, Sexual Abuse of a Minor (18 U.S.C. §§ 1153(a) and 2243(a)); and Count 3 of the indictment, Abusive Sexual Contact (18 U.S.C. §§ 1153(a) and 2244(a)(3)).

3. **Penalties**: The maximum sentence for counts one and two is 15 years imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment. The maximum sentence for Count 3 is two years imprisonment, a fine of $250,000, a term of supervised release of five years to life, and a $100 fee assessment.

4. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state or tribal territory in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Even if no such changes occur, defendant must periodically appear in person at a sex offender registration facility to be photographed and verify his information in the registry. How frequently defendant must appear in person depends on the severity of the offense that made defendant a sex offender, and could be as frequently as every three months. See 34 U.S.C. § 20918. Defendant must also notify the

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 2

local sex offender registry of any plans to travel internationally prior to any such travel. Defendant understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register or update his registration as a sex offender, or failing to provide notice of international travel as required.

5. **No Prosecution**: The USAO agrees not to bring additional charges against Defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Elements and Factual Basis**: In order for Defendant to be found guilty of Sexual Abuse of a Minor, as alleged in counts one and two of the indictment, the government must prove the following elements beyond a reasonable doubt:

**Count One:**

First, the defendant knowingly engaged in a sexual act with Minor Victim 1 (MV1).

Second, at the time of the sexual act, Minor Victim 1 had reached the age of 12 years but had not yet reached the age of sixteen years.

Third, at the time of the sexual act, Minor Victim 1 was at least four years younger than the defendant.

Fourth, the offense occurred within the exterior boundaries of the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country.

Fifth, the defendant is an Indian person.

In Count One, sexual act means the intentional touching of the genitalia of Minor Victim 1 with an intent to arouse and gratify the sexual desire of any person, and contact between the mouth and penis.

The following facts are true and undisputed:

The government's investigation shows that on or between July 10, 2016 and July 9, 2017, on the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country, and within the District of Oregon, defendant engaged in a sexual act with MV1, who was 15 years old. The defendant was more than four years older than MV1. MV1 reported that during this time, the defendant touched her genitalia. MV1 also reported that her mouth had contact with the defendant's penis during this time period. The defendant acted with an intent to arouse or gratify the sexual desire of any person. The defendant is an Indian person.

//

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 3

### Count Two:

First, the defendant knowingly engaged in a sexual act with Minor Victim 2 (MV2).

Second, at the time of the sexual act, Minor Victim 2 had reached the age of 12 years but had not yet reached the age of sixteen years.

Third, at the time of the sexual act, Minor Victim 2 was at least four years younger than the defendant.

Fourth, the offense occurred within the exterior boundaries of the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country.

Fifth, the defendant is an Indian person.

In Count Two, sexual act means the intentional touching of the genitalia of Minor Victim 2 with an intent to arouse and gratify the sexual desire of any person.

The following facts are true and undisputed:

The government's investigation shows that on or between August 22, 2019 and August 21, 2020, on the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country, and within the District of Oregon, defendant engaged in a sexual act with MV2, who was 14 years old. The defendant was more than four years older than MV2. MV2 reported that during this time, the defendant touched her genitalia. The defendant acted with an intent to arouse or gratify the sexual desire of any person. The defendant is an Indian person.

### Count 3:

First, the defendant knowingly engaged in sexual contact with Minor Victim 3.

Second, at the time of the sexual contact, Minor Victim 3 had reached the age of 12 years but had not yet reached the age of sixteen years.

Third, at the time of the sexual contact, Minor Victim 3 was at least four years younger than the defendant.

Fourth, the offense occurred within the exterior boundaries of the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country.

Fifth, the defendant is an Indian person.

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 4

In Count Three, sexual contact means the intentional touching through the clothing of the buttocks of Minor Victim 3 with an intent to arouse and gratify the sexual desire of any person.

The following facts are true and undisputed:

The government's investigation shows that on or about April 19, 2024, on the Confederated Tribes of the Umatilla Indian Reservation, which is Indian Country, and within the District of Oregon, defendant engaged in a sexual contact with MV3, who was 13 years old. The defendant was more than four years older than MV3. MV3 reported that during this time, the defendant intentionally touched her buttocks through her clothing. The defendant acted with an intent to arouse or gratify the sexual desire of any person. The defendant is an Indian person.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas.

7.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.  **Anticipated Guideline Calculations**: The parties agree that the following guideline calculations likely apply:

| | | |
|---|---|---|
| **Count 1 (Sexual Abuse of a Minor - MV1)** | | |
| USSG § 2A3.2(a) | Base Offense Level | 18 |
| USSG § 2A3.2(b)(1) | Victim in the custody/care of defendant | +4 |
| | | |
| **Count 2 (Sexual Abuse of a Minor – MV2)** | | |
| USSG § 2A3.2(a) | Base Offense Level | 18 |
| USSG § 2A3.2(b)(1) | Victim in the custody/care of defendant | +4 |
| | | |
| **Count 3 (Abusive Sexual Contact –MV3)** | | |
| USSG § 2A3.4(a)(3) | Base Offense Level | 12 |
| USSG § 2A3.4(b)(3) | Victim in the custody/care of defendant | +2 |
| | | |
| **Multiple Count Adjustment** | | |
| USSG § 3D1.4(a)-(b) | The total number of Units is 2.5. | +3 |

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 5

|  | Greater of Adjusted Offense Levels Above/Combined Offense Level | 25 |
|---|---|---|
|  |  |  |
| USSG § 3E1.1 | Acceptance of Responsibility / Timely Plea | -3 |
| USSG § 4B1.5(b)(1) | Pattern Enhancement | +5 |
| **Total Offense Level** |  | 27 |

9.      **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

10.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

11.     **Sentencing Recommendation**: The parties will jointly recommend a sentence at the low end of the guideline range on Counts One and Two, to run concurrently, followed by five years of supervised release. The parties will also jointly recommend that the defendant's sentence on Counts One and Two run concurrently with the defendant's sentence in Umatilla County, Oregon Case No. 24CR27665.

The parties will jointly recommend a sentence of one year and one day custody on Count 3, followed by five years of supervised release. The government will recommend that the sentence in Count 3 run consecutively with the sentence in Counts One and Two in this case, and consecutively with the defendant's sentence in Umatilla County, Oregon Case No. 24CR27665. The defendant reserves the right to argue that the sentence in Count Three run concurrently with all other counts and all other sentences.

12.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 6

take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.     **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 7

### A. Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### B. Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If Defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

//

//

//

Mark Ahlemeyer
Re: Aaron William Pizer Plea Agreement Letter
Page 8

18. **Deadline**: This plea offer expires if not accepted by June 3, 2025.

Sincerely,

WILLIAM M. NARUS
Acting United States Attorney

/s/ Cassady A. Adams
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

12/1/25
Date

Aaron William Pizer, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/1/25
Date

Mark Ahlemeyer, Attorney for Defendant